UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

vs.                             **MEMORANDUM AND ORDER**
                                  Criminal No. 25-00009 (MJD/SGE)

Shawn Joseph Brown,

        Defendant.

_____

Campbell Warner, Assistant United States Attorney, Counsel for Plaintiff.
Daniel L. Gerdts, Lawyer, Counsel for Defendant.[1]

_____

This matter is before the Court on the Report and Recommendation by United States Magistrate Judge Shannon G. Elkins, dated June 30, 2025. (Doc. 49.) Magistrate Judge Elkins recommends the Court deny Defendant's Motion to Suppress Evidence Derived from Administrative Subpoena. (Doc. 22.) Defendant filed objections to the Report and Recommendation. (Doc. 62.)

---

[1] On July 17, 2025, Defendant's original counsel, Melvin Welch, was allowed to withdraw as counsel and Daniel L. Gerdts was substituted as defense counsel. (Docs. 53, 54.) Mr. Welch filed all documents on behalf of Defendant that will be cited in this order except for Docket No. 62, Defendant's objections to the R&R, which was filed by Mr. Gerdts.

1

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, and in consideration of the applicable law, the Court will adopt the Report and Recommendation.

**I.   FACTS**

The underlying facts of this case are straight forward. The following recitation of facts is taken from the Report and Recommendation ("R&R") (Doc. 49 at 2-3), the suppression hearing testimony, and exhibits taken into evidence at the hearing.

On November 20, 2024, the Blue Earth County Attorney's Office issued an administrative subpoena to Verizon for "Cellular Telephone Number: Shawn Brown XXXXXX-9534." (Gov. Ex. 1.) "The subpoena sought production of 'basic subscriber information' that included identifying information, credit or billing information, logs of calls and text messages [beginning September 19, 2024], and a log of internet protocol ('IP') connections." (Id.) Verizon provided responsive information on December 10, 2024. (Gov. Ex. 2.) On December 11, 2024, Alex Nelson, a Nicollet County Deputy Sheriff assigned as an Agent to the Minnesota

River Valley Drug Task Force, applied for a search warrant for Defendant's apartment and vehicle. (Gov. Ex. 3; Supp. Hr'g. Tr. 12.)  Although Verizon had provided information that was responsive to the subpoena, none of that information was included in Agent Nelson's application for the warrant. (Id.) The information did not factor into Agent Nelson's affidavit or probable cause analysis for the search warrant. (Supp. Hr'g. Tr. at 12, 14.)  A Dakota County Judge issued the search warrant at 3:48 p.m. on December 11. (Gov. Ex. 3 at 3.) The warrant was executed on December 16, 2024 and contraband was seized during the search. (Receipt, Inventory, and Return of Search Warrant.)

## II.     THE REPORT AND RECOMMENDATION

The R&R recommends that Defendant's motion to suppress be denied because the motion is (1) moot; and (2) the subpoenaed information is not protected by the Fourth Amendment and therefore, Defendant has no reasonable expectation of privacy in the information he voluntarily disclosed to Verizon, a third party. (Doc. 49 at 3-8.)  Although the R&R did not reach Defendant's other argument, it states that Defendant's argument that the administrative subpoena violated state and federal subpoena statutes was without merit. (Id. at 8-9 n.5.)

## III. DISCUSSION

Defendant objects to both of the R&R's reasons for recommending that the Court deny his motion to suppress.

### A. Whether the Motion is Moot

Defendant argues that the Magistrate Judge erred when she concluded that the motion was moot because none of the information obtained from Verizon in response to the administrative subpoena was used in the application for the search warrant of Defendant's apartment and vehicle. (Doc. 62 at 1.) He asserts that the Magistrate Judge read Defendant's motion too narrowly because he seeks suppression of "all evidence seized pursuant to the Administrative Subpoenas" – not merely the evidence used to obtain the subsequent search warrant." (Id. (quoting Doc. 40 at 10).) Defendant states that "[s]imply because the police did not use the ill-gotten evidence for obtaining another warrant does not render the motion moot. Defendant seeks to suppress all evidence obtained for any purpose at all, including its introduction at trial." (Id. (citing Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392 (1920) ("The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely

4

evidence so acquired shall not be used before the Court but that it shall not be used at all.").)

The Court will overrule Defendant's objection because the evidence was not "ill-gotten." First, the fact that no information from Verizon was used in the application for the search warrant for Defendant's apartment and vehicle was not the only reason that Magistrate Judge Elkins found the motion moot. Judge Elkins found, and the Court agrees, that Defendant did not satisfy his burden to identify evidence to suppress. (Doc. 49 at 4-5 (citations omitted).) Stating that "all" evidence should be suppressed just exacerbates the problem. Moreover, as discussed in the R&R, and below, even if the motion is not moot, the motion must still be denied because subpoenaed information from third party Verizon is not protected by the Fourth Amendment's warrant requirement. (Id. at 5-8.)

### B. Whether the Administrative Subpoena Violated the Fourth Amendment

Defendant objects to the Magistrate Judge's conclusion that the use of the administrative subpoena did not violate the Fourth Amendment based on the Magistrate Judge's interpretation of the "third-party doctrine," which suggests that the data sought to be suppressed was "merely data that had been disclosed

5

to a third-party vendor and therefore lacked a reasonable expectation of privacy." (Doc. 62 at 2 (citing R&R at 5-8).) Defendant argues that the Magistrate Judge conceded that her interpretation of the third-party doctrine has not been adopted by the Eighth Circuit, but has only been referenced in dicta, and therefore is not binding on this Court. (Id. (citing R&R at 8).)

Defendant also argues that this conclusion misreads his argument:

> As expressly stated in his memorandum in support of suppression, The administrative subpoena ordered the company to produce very sensitive data, including conversations, digital images, call logs, and individual movement. (Ex. 1). In that information, law enforcement captured private conversations between the 612* phone number and other individuals, deriving information which would otherwise be unavailable[.]

(Id. (quoting Doc. 40 at 3).)

First, although Defendant argues that the Magistrate Judge's conclusions rest on a misreading of his argument, the Court finds that Defendant's argument rests on a misreading of the administrative subpoena, which, except for "call logs," did not order Verizon to produce the contents of conversations; digital

6

images; or cell-cite information, which could be used to track an individual's movement.² This part of the objection is overruled.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. A person challenging a search under the Fourth Amendment bears the burden of establishing a subjective expectation of privacy in the areas searched and that the expectation is objectively reasonable, i.e., one that society is willing to recognize as reasonable. See Minnesota v. Olson, 495 U.S. 91, 95–96 (1990). A person does not have a reasonable

---

² This misreading may account for Defendant's heavy reliance on United States v. Carpenter, 585 U.S. 296 (2018) "to allude that the administrative subpoena's request for IP connections violated his reasonable expectation of privacy because IP connections provide insight to an individual's location information." (Doc. 49 at 3.) In Carpenter, the defendant challenged an administrative subpoena that allowed law enforcement to obtain cell cite location information ("CSLI"). Stressing that its holding was "a narrow one," the Court held that a warrant based on probable cause was needed to collect CSLI information from a cell provider because individuals have a legitimate expectation of privacy in their physical movements as captured through CSLI. 585 U.S. at 315-16. The R&R notes that Defendant did not pursue his Carpenter argument in his post-hearing brief. (Doc. 49 at 7.) The R&R continues, "[Defendant's] motion falls far short of establishing that IP addresses obtained via the administrative subpoena fall within Carpenter's narrow decision on CSLI. (Id.)

expectation of privacy in information voluntarily disclosed to third parties. Smith v. Maryland, 442 U.S. 735, 743–44 (1979) (citations omitted); United States v. McIntyre, 646 F.3d 1107, 1111 (8th Cir. 2011). This is called the "third party disclosure doctrine," or "third party doctrine" and it applies to administrative subpoenas, as well as warrantless searches. United States v. Wheelock, 772 F.3d 825, 828 (8th Cir. 2014).

In Wheelock, the court held that a criminal defendant could not claim a reasonable expectation of privacy in the Government's acquisition of his subscriber information, including his IP address and name, when Comcast was in possession of this data. Id. (citations omitted); see also United States v. Shipton, 5 F.4th 933, 936 (8th Cir. 2021) (rejecting claim, in dicta, that defendant had a reasonable expectation of privacy in "materials [shared] on a public peer-to-peer network," and pointing out that "sister circuits have rejected similar [claims] . . . in things such as a user's IP address and other subscriber information") (citing United States v. Trader, 981 F.3d 961, 967–68 (11th Cir. 2020)) (stating that every circuit, before and after Carpenter, "decided that subscriber information disclosed during ordinary use of the internet, including

8

internet protocol addresses and email addresses, falls within the third-party doctrine") (collecting cases).

The Court adopts the reasoning of the R&R. Defendant did not have a reasonable expectation of privacy in the information provided by Verizon in response to the subpoena. This was "subscriber information disclosed during ordinary use of the internet" and did not disclose Defendant's location. This information does not fall under Carpenter's narrow exception. Defendant does not even argue that it does. Moreover, the opinion in Shipton is succinct. 5 F.4th 933. Saying that the discussion of materials shared on peer-to-peer networks was merely dicta is not giving the discussion its proper due. What the Eighth Circuit said in Shipton was, "We now hold explicitly what was implicit in [United States v.] Hoeffener: That nothing in Carpenter, [Riley v. California, 573 U.S. 373 (2014), and United States v. Jones, 565 U.S. 400 (2012)] calls into question our oft-repeated observation that a defendant has no reasonable expectation of privacy in materials he shares on a public peer-to-peer network." 5 F.4th at 936. Thus, in context, this statement has weight and it was appropriate for the Magistrate Judge to rely on it and the cases cited therein. Defendant has not offered any

9

explanation as to why the third party doctrine should not apply to the disclosure of his Verizon information in response to the administrative subpoena. Defendant does not have a reasonable expectation of privacy in information knowingly disclosed to third parties by connecting his cell phone to various IP addresses. This objection is overruled.

### IV. CONCLUSION

The Court finds no error in the Magistrate Judge's application of the law to the facts of this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation dated June 30, 2025 **[Doc. 49]** is **ADOPTED**; and

2. Defendant's Motion to Suppress Evidence Derived from Administrative Subpoena **[Doc. 22]** is **DENIED**.

DATED: November 3, 2025                s/Michael J. Davis
                                       Michael J. Davis
                                       United States District Court